UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES K. SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARITEN INSURANCE COMPANY, )<br>)<br>Defendant. ) | No.: 3:08-CV-171<br>(VARLAN/SHIRLEY) |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiff Charles K. Smith's Motion to Remand for Improper Removal and Relief Pursuant to Rule 12(b)(3) [Doc. 8], Defendant Cariten Insurance Company's Motion to Amend Notice of Removal [Doc. 15], and Defendant Cariten Insurance Company's Motion to Transfer Venue to the Greeneville Division [Doc. 16]. Plaintiff Charles K Smith has not responded to Defendants' motions, and the time for doing so has passed. L.R. 7.1(a), 7.2. The Court has carefully considering the entire record, including the parties' supporting briefs [Docs. 8, 9, 15, 16, 18] and applicable law. For the reasons herein, the Court will deny Plaintiff's Motion to Remand for Improper Removal and Relief Pursuant to Rule 12(b)(3) [Doc. 8], will grant Defendant's Motion to Transfer Venue to the Greenville Division [Doc. 16], and will deny as moot Defendant's Motion to Amend Notice of Removal [Doc. 15].

## I. RELEVANT FACTS

This civil action was originally filed by Plaintiff Charles K. Smith ("Plaintiff") in the Law Court for Washington County, at Johnson City, Tennessee. [Doc. 1-2.] On April 30, 2008, Defendant Cariten Insurance Company ("Defendant") filed a notice of removal. [Doc. 1.] The Notice of Removal identified the "United States District Court for the Eastern District of Tennessee" as the proper district court for removal, but it did not specify the proper division. [*Id.* at 1.] The case was subsequently assigned to the Court, a district court in the Eastern District of Tennessee, Northern Division at Knoxville. Washington County, Tennessee, is located within the Eastern District of Tennessee, Northeastern Division at Greeneville.

## II. ANALYSIS

Federal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In the present case, the parties agree that this case should not be in the Northern Division at Knoxville. [*See* Docs. 8, 9, 15, 16, 18.] However, the parties disagree as to whether the case should be remanded to state court or transferred to the district court in the Northeastern Division at Greeneville. [*Id.*] According to Plaintiff, the Court should remand this action pursuant to Fed. R. Civ. P. 2(b)(3), which provides for moving to dismiss based on improper venue. [Doc. 8.] Defendant contends that the case should be transferred to the Northeastern

Division or, in the alternative, the Notice of Removal should be amended to cure any procedural defect. [Doc. 18.]

Federal courts have recognized that removal of a case to the wrong division is "more akin to an improper venue situation than to one in which there is an actual jurisdictional defect." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Thus, a district court may transfer cases removed to the wrong division in the interest of justice under the authority of 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Kreimerman*, 22 F.3d at 645; *see also Anderson v. Ames True Temper, Inc.*, No. 4:08-CV-245-CAS, 2008 WL 619383, at *1 (E.D. Mo. Mar. 4, 2008); *Woodforest Bank FSP v. Open Solutions, Inc.*, No. C-08-39, 2008 WL 314359, at *1 (S.D. Tex. Feb. 1, 2008).

In the present case, the Court is guided by these procedurally analogous cases. Though 28 U.S.C. § 1406(a) permits the Court to dismiss a case for improper venue, the interests of justice are better served by transferring this case to the Northeastern Division at Greeneville. Because the Court will grant Defendant's Motion to Transfer Venue [Doc. 16], Defendant's motion in the alternative to amend the Notice of Removal [Doc. 15] is rendered moot.

## III. CONCLUSION

Accordingly, pursuant to 28 U.S.C. § 1406(a), the Court hereby **TRANSFERS** this case to the Northeastern Division of the United States District Court for the Eastern District of Tennessee. Plaintiff Charles K. Smith's Motion to Remand for Improper Removal and Relief Pursuant to Rule 12(b)(3) [Doc. 8] is hereby **DENIED**. Defendant Cariten Insurance Company's Motion to Transfer Venue to the Greeneville Division [Doc. 16] is hereby **GRANTED**. Defendant Cariten Insurance Company's Motion to Amend Notice of Removal [Doc. 15] is hereby **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE